CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THAD GILBERT COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00772 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WALLENS RIDGE STATE PRISON, | ) | By:  Hon. Thomas T. Cullen |
| *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Thad Gilbert Cooper, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Wallens Ridge State Prison ("Wallens Ridge"), Corrections Officer Johnson, and Dr. Mullens.[1] (*See* Compl. at 1 [ECF No. 1].) Defendant Johnson and Defendant Mullens have filed motions to dismiss Plaintiff's claims against them. (*See* Mullens's Mot. to Dismiss [ECF No. 17]; Johnson's Mot. to Dismiss [ECF No. 21].) For the following reasons, the court will grant Defendant Mullens's motion and deny Defendant Johnson's motion.

**I.**

Though Plaintiff's handwritten complaint is somewhat difficult to understand, Plaintiff appears to allege that, in the spring of 2022, while he was incarcerated at Wallens Ridge, he suffered severe pain for two months, but Dr. Mullens did not send him to the hospital. (Compl. at 4.) On April 28, 2022, when the pain became so severe that Plaintiff could not breathe, Dr. Mullens told Plaintiff that he had blood clots and an 18-inch liver abscess. (*Id.*)

---

[1] Plaintiff also brought a claim against Judge Adam Mosely, but that claim has been dismissed. (*See* Or., Apr. 29, 2024 [ECF No. 12].)

At that point, Dr. Mullens did send Plaintiff to the hospital. (*Id.*) Plaintiff further alleges that

he experienced issues with his blood pressure and that he would have died if he had not gone

to the hospital. (*Id.*) Plaintiff also alleges that "th[e]y" did not notify Plaintiff and/or his family.

(*Id.*)

Additionally, Plaintiff alleges that he was sexually harassed by Defendant Johnson from

January 2021 until he left the facility in September 2022. (*Id.*) He claims that on the Friday

before he left, Johnson told Plaintiff, in the presence of a witness, that he had a video of

Plaintiff performing oral sex on Johnson. (*Id.*)

On November 22, 2023, Plaintiff filed this action against Johnson, Mullens, and

Wallens Ridge in the United States District Court for the Eastern District of Virginia. (*Id.* at

1.) The case was subsequently transferred to this court. (*See* Transfer Or. [ECF No. 3].)

Defendants Mullens and Johnson have moved to dismiss Plaintiff's claims against them under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be

granted. (*See* Mullens's Mot. to Dismiss; Johnson's Mot. to Dismiss.) Defendants' motions are

now ripe for review.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy

Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). To survive such a motion, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by

factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). And, because Plaintiff is proceeding *pro se*, the allegations are construed "liberally" in his favor. *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff purports to bring his claims under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To

state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

## A. Defendant Mullens

Liberally construing Plaintiff's complaint, he claims that Defendant Mullens was deliberately indifferent to his medical needs. The Eighth Amendment protects convicted prisoners from cruel and unusual punishment, and "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). "A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

A claim of deliberate indifference to medical needs has a subjective component and an objective component. *Id.* To satisfy the objective component, the inmate's medical condition must be sufficiently serious, meaning it must be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). To satisfy the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Farmer*, 511 U.S. at 834). An official acts with such a mental state when he or she is deliberately indifferent to the inmate's health or safety. *Id.* (citing *Scinto v. Stansberry*, 842 F.3d

219, 225 (4th Cir. 2016)). This requires the official to have had "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (quoting *Jackson*, 775 F.3d at 178.) The official must also have "recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022).

Plaintiff's claim against Defendant Mullens fails to satisfy the subjective prong of his Eighth Amendment claim. Plaintiff's allegations do not allow the Court to infer that Dr. Mullens had a sufficiently culpable state of mind. Plaintiff alleges that Dr. Mullens "did not send [him] to the hospital" until he was in severe pain and was having difficulty breathing and that two days later—when he was presumably in the hospital—he went into cardiac arrest. (*See* Compl. at 4 (alleging that "if I did not go to the hospit[a]l I wo[ul]d [have] d[ie]d").) But Plaintiff does not allege any facts from which the court could infer that, during the prior two months when Dr. Mullens did not send him to the hospital, Dr. Mullens had actual subjective knowledge of Plaintiff's serious medical condition that would have necessitated earlier hospitalization, or any attendant health risks Plaintiff faced. *See Mays*, 922 F.3d at 300. He also does not allege that Dr. Mullens's actions were insufficient to mitigate the risk of harm to him based on his condition. To the contrary, Plaintiff alleges that Dr. Mullens ultimately did send him to the hospital and that this decision ultimately saved his life. (*See* Compl. at 4.) And although Plaintiff alleges that he was in pain for two months before Dr. Mullens sent him to the hospital, this allegation alone does not create a viable § 1983 claim. *See Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain. . . . [A]n

inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.") (citations and internal quotation marks omitted); *see also Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (holding Plaintiff's allegations that he suffered pain, without more, were insufficient to make out an Eighth Amendment deliberate-indifference claim). Absent factual allegations that would allow the court to infer that Dr. Mullen's acted despite subjective knowledge of a serious risk to Plaintiff's health absent his intervention, Plaintiff has not made out a plausible claim.

To the extent Plaintiff's claim rests on allegations that Dr. Mullens misdiagnosed Plaintiff's liver abscess as blood clots, this is also insufficient. (*See* Compl. at 4 (alleging Dr. Mullens "s[ai]d I had blood clots. . . w[he]n I had a liver ab[sc]ess 18 in[ches] [in] di[a]meter").) It is well-established that "merely misdiagnosing an inmate does not amount to deliberate indifference." *Dallas v. Craft*, No. 3:21CV349 (DJN), 2022 WL 4370440, at *8 (E.D. Va. Sept. 21, 2022); *see Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998) ("[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference."); *Nellson v. Doe*, No. 21-6206, 2023 WL 3336689, at *5 (4th Cir. May 10, 2023) (allegations that defendants "misdiagnosed [Plaintiff's] injuries or failed to provide him with appropriate treatment . . . have no bearing on the Eighth Amendment claim described in [Plaintiff's] complaint"). "A misdiagnosis"—like any other negligent act—"is not actionable under § 1983." *Bugg v. Burrell et al.*, No. 1:20CV349

(AJT/TCB), 2020 WL 5995497, at *5 (E.D. Va. Oct. 9, 2020), *aff'd sub nom. Bugg v. Burrell*, No. 20-7589, 2021 WL 1157837 (4th Cir. Mar. 26, 2021).

Even allegations that a prison official committed medical malpractice are not enough to state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Nellson*, 2023 WL 3336689, at *5 (4th Cir. May 10, 2023) (agreeing "with the district court that [the plaintiff's allegations] describe behavior that might support a medical malpractice claim but do not make out a case of deliberate indifference"); *Jackson*, 775 F.3d at 178–79 ("While a non-cardiologist's erroneous diagnosis of a serious heart condition . . . may well represent a deviation from the accepted standard of care, standing alone it is insufficient to clear the 'high bar' of a constitutional claim."); *Wester v. Jones*, 554 F.2d 1285, 1286 (4th Cir. 1977) ("Even if the doctor were negligent in examining [Plaintiff] and in making an incorrect diagnosis, his failure to exercise sound professional judgment would not constitute deliberate indifference to serious medical needs."). Even the fact that the misdiagnosis had serious health consequences is not enough to convert negligent conduct into a constitutional violation. *See Jackson*, 145 F.3d at 168–70 (prison official was not liable for failing to diagnose prisoner's pituitary tumor, even though the misdiagnosis caused him to go blind).

In his complaint, Plaintiff has not alleged any fact that would take his misdiagnosis out of the realm of ordinary negligence and into the realm of deliberate indifference to his serious medical needs. And from the facts alleged, the court cannot reasonably infer that Defendant Mullens knew the risks associated with Plaintiff's liver abscess and knew that his actions were insufficient to mitigate those risks. *See Pfaller*, 55 F.4th at 445. Accordingly, Plaintiff has failed

to state a plausible claim for relief based on Dr. Mullens's alleged deliberate indifference to his serious medical needs. The court will therefore grant Dr. Mullens's motion to dismiss that claim.

## B. Defendant Johnson

Plaintiff's claim against Defendant Johnson also arises under the Eighth Amendment's protection against cruel and unusual punishment. *See Farmer*, 511 U.S. at 832. "There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation." *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (citations omitted); *see also Johnson v. Robinette*, 105 F.4th 99, 122 (4th Cir. 2024) ("Sexual abuse has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society. Nor does it comport with contemporary standards of decency.") (citations omitted). "Nonetheless, courts have recognized that not all alleged incidents of sexual misconduct are objectively, sufficiently serious to constitute a violation of the Eighth Amendment." *Lee v. Kanode*, No. 7:20-CV-00305, 2022 WL 4798263, at *5 (W.D. Va. Sept. 30, 2022) (citing *Jackson*, 666 F. App'x at 244). For example, "although prisoners have a right to be free from sexual abuse, . . . the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Jackson*, 666 F. App'x at 244 (citations omitted); *see also Lee*, 2022 WL 4798263, at *5 ("[W]ithout some allegation that the defendant's misconduct involved unwanted sexual *touching*—i.e., the intentional use of physical force—a complaint of sexual harassment (verbal or nonverbal) against a prison guard does not reach constitutional proportions.").

"As with any other claim of cruel and unusual punishment, a plaintiff claiming sexual abuse or sexual assault must allege facts showing that the condition complained of is objectively sufficiently serious, by causing or being likely to cause significant physical or psychological injury, and that the prison official subjectively acted with deliberate indifference to the inmate's safety by disregarding the known risk of injury." *DeFour v. White*, No. 7:22CV00703, 2024 WL 1337203, at *11 (W.D. Va. Mar. 28, 2024) (citing *Thorpe v. Clarke*, 37 F.4th 926, 933 (4th Cir. 2022)). Here, though the complaint lacks substantial detail, construing the factual allegations in his favor, Plaintiff has pleaded enough to satisfy both the objective and subjective components of an Eighth Amendment claim against Johnson.

"A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment." *Johnson*, 105 F.4th at 122 (citations omitted). Thus, courts within this circuit have found that unwanted sexual touching—particularly contact with an inmate's genitals, buttocks, or breasts—is objectively sufficiently serious to support an Eighth Amendment violation. *See, e.g.*, *DeFour*, 2024 WL 1337203, at *11–12 (allegations that corrections officer "squeezed [Plaintiff's] buttocks" were sufficient to state an Eighth Amendment claim); *Carr v. Hazelwood*, No. CIV.A. 7:07CV00001, 2007 WL 4410694, at *3 (W.D. Va. Dec. 14, 2007) (plaintiff's allegations that corrections officer grabbed her breast and penetrated her with his finger were "objectively, sufficiently serious enough to constitute an Eighth Amendment violation"); *Doe v. Ann Arundel County*, No. 1:23-CV-03451-JRR, 2025 WL 675059, at *20 (D. Md. Mar. 3, 2025) (plaintiff's

allegations that officers repeatedly touched her buttocks and genitals stated a claim for violation of plaintiff's Eighth Amendment rights).

Fewer cases in this circuit have dealt with circumstances in which an inmate is made to touch the intimate parts of an officer, but the court finds that such explicit sexual contact is equally capable of supporting a constitutional claim. *See Stewart v. Stewart*, No. CV 5:23-2951-JDA-KDW, 2024 WL 5273480, at *4 (D.S.C. Oct. 3, 2024), *report and recommendation adopted*, No. 5:23-CV-02951-JDA, 2024 WL 5273463 (D.S.C. Dec. 31, 2024) (finding inmate was subjected to cruel and unusual punishment when he was made to perform oral sex on correctional officer); *Gilliam v. Dep't of Pub. Safety & Corr. Servs.*, No. CV MJM-23-1047, 2024 WL 5186706, at *13 (D. Md. Dec. 20, 2024) (finding allegations that guards failed to protect inmate from other inmates demands for oral sex were sufficient to state an Eighth Amendment claim); *see also* 34 U.S.C. § 30309(5), (9) (Prison Rape Elimination Act defining prison rape to include contact between a person's mouth and the genitals of another against the person's will or through exploitation of fear or threat of physical violence). The court easily concludes that unwanted contact[2] of the nature described in Plaintiff's complaint plainly violates contemporary standards of decency and easily satisfies the objective component of an Eighth Amendment claim.

---

[2] Although Plaintiff does not explicitly allege that the sexual encounter between himself and Defendant Johnson was unwanted, he describes the contact as sexual harassment and states that he "did not like" that Johnson told him there was a video of their encounter. (Compl. at 4.) The court finds that these allegations, though sparse, are enough to demonstrate at this stage that the contact was unwelcome. *Cf. Chapman v. Willis*, No. 7:12-CV-00389, 2013 WL 2322947, at *6 (W.D. Va. May 28, 2013) (collecting cases suggesting that inmates are incapable of consenting to sexual relationships with prison officials and finding that plaintiff's reference to sexual contact as "prison rape," despite defendants' claims that the contact was consensual, was sufficient to create a genuine issue of material fact that the contact was unwanted).

In addition, the court can easily infer that a corrections officer who engaged in oral sex with an inmate did so deliberately and with knowledge of the risk of harm to the inmate. *See Carr*, 2007 WL 4410694, at *3 ("In cases of sexual abuse or rape, 'the conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose of causing harm.'") (quoting *Giron v. Corr. Corp. of Am.,* 191 F.3d 1281, 1290 (10th Cir. 1999)). Such circumstances are distinguishable from, for example, claims based on contact that is not inherently sexual in nature. *Compare Carr*, 2007 WL 4410694, at *3, *with Ellis v. Elder*, No. 7:08-CV00642, 2009 WL 275316, at *3 (W.D. Va. Feb. 4, 2009) (plaintiff's allegation that guard had limited contact with his backside during pat-down search did not rise to the level of a constitutional violation), *and Martin v. Locklear*, No. 5:22-CT-3162-FL, 2022 WL 17345761, at *2 (E.D.N.C. Nov. 30, 2022) (plaintiff's allegation that defendant "brushed up against him" while they were working together in the kitchen did not rise to the level of a constitutional claim because he did not allege facts, beyond his own perception of the events, establishing that the contact was sexual in nature). Here, Plaintiff's allegation that Johnson told him there was a video of their sexual encounter underscores the deliberateness of Johnson's alleged actions. (*See* Compl. at 4.)

Accordingly, the court finds that Plaintiff has stated a plausible claim for relief against Johnson based on his allegation that he performed unwanted oral sex on Johnson.[3] The court will therefore deny Johnson's motion to dismiss this claim.

---

[3] In reaching this legal conclusion, the court is required to accept as true Plaintiff's contention that this corrections officer, in fact, committed the sexual act alleged. But this does not mean that the allegation is true, or even that the court believes it is true. It will be up to the finder of fact to determine the veracity of Plaintiff's claim about Defendant Johnson's conduct.

**IV.**

For the reasons set forth above, the court will **GRANT** Defendant Mullens's motion

to dismiss (ECF No. 17) and **DENY** Defendant Johnson's motion to dismiss (ECF No. 21).

**ENTERED** this 24th day of March, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE